UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THE BROWN PUBLISHING COMPANY
LIQUIDATING TRUST,

                     Appellant,       <u>MEMORANDUM & ORDER</u>
                                                15-MC-0531(JS)

     -against-

                                     Bankruptcy Case No.:
ROY E. BROWN, CLARENCE J. BROWN, III,   10-73295(REG)
CLARENCE BROWN, JR., JOYCE E. BROWN,
DOROTHY HAINES, RICHARD HAINES,       Adversary Proc. No.:
CATHERINE BROWN BRINNON, CRJ          12-08193(REG)
INVESTMENTS LLC, AEG EQUITY LTD.,
SODALIS, LLC, B'S NEST PARTNERSHIP,
and AEG EQUITY HOLDINGS, LTD.

                     Appellees.
----------------------------------------X
APPEARANCES
For Appellant:                  Edward M. Fox, Esq.
                             Polsinelli PC
                             900 Third Avenue
                             New York, NY 10022

                             Eric Todd Moser, Esq.
                             Rich Michaelson Magaliff Moser, LLP
                             335 Madison Avenue, Ninth Floor
                             New York, NY 10173

                             Jon Paul Robbins, Esq.
                             Lee S. Shalov, Esq.
                             Wade Christopher Wilkinson, Esq.
                             McLaughlin & Stern, LLP
                             260 Madison Avenue
                             New York, NY 10016

                             Sonya J. Brouner, Esq.
                             Law Office of Sonya J. Brouner
                             8 Loewen Court
                             Rye, NY 10580

For Appellees:
Roy E. Brown, Clarence J.     Alan E. Marder, Esq.
Brown, III, CRJ Invs. LLC,    Meyer, Suozzi, English & Klein, P.C.
Sodalis, LLC, B's Nest       900 Stewart Avenue, Suite 300

```
Partnership, & AEG Equity        PO Box 9194
Holdings, Ltd.                   Garden City, NY 11530

Clarence Brown, Jr. &            Charles M. Meyer, Esq.
Joyce E. Brown                   Santen & Hughes
                                 600 Vine Street, Suite 2700
                                 Cincinnati, OH 45202

Dorothy & Richard Haines         David Blansky, Esq.
                                 LaMonica Herbst & Maniscalco
                                 3305 Jerusalem Avenue
                                 Wantagh, NY 11793

Catherine Brown Brinnon          Adam Kegley, Esq.
                                 Frost Brown Todd LLC
                                 250 West Main Street, Suite 2800
                                 Lexington, KY 40507

                                 James Frooman, Esq.
                                 Frost Brown Todd LLC
                                 3300 Great American Tower
                                 301 East Fourth Street
                                 Cincinnati, OH 45202

                                 Thomas A. Draghi, Esq.
                                 Westerman Ball Ederer Miller &
                                 Sharfstein, LLP
                                 1201 RXR Plaza
                                 Uniondale, NY 11556

AEG Equity Ltd.                  James Frooman, Esq.
                                 Frost Brown Todd LLC
                                 3300 Great American Tower
                                 301 East Fourth Street
                                 Cincinnati, OH 45202
```

SEYBERT, District Judge:

The Brown Publishing Company Liquidating Trust ("Appellant") filed an adversary proceeding against various defendants alleging claims under federal law and Ohio state law.

The remaining defendants are Richard Haines, Dorothy Haines, and Catherine Brinnon Brown (collectively, "Appellees").[1]

Three motions are pending before the Court. First, Appellees ask this Court (i) to withdraw the reference of the adversary proceeding from the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") and (ii) to change venue to the United States District Court for the Southern District of Ohio where the operative facts took place and several witnesses reside. (Mot. to Withdraw, Docket Entry 1.) Second, before being dismissed from the case, Sodalis, LLC ("Sodalis") moved to join the previous motion. (Joinder Mot., Docket Entry 4.) Third, Appellant moves to strike declarations submitted for the first time in reply papers. (Mot. to Strike, Docket Entry 16.)

For the reasons set forth below, Appellant's motion is DENIED; Sodalis motion is DISMISSED AS MOOT, and Appellees' motion is GRANTED. Thus, the reference to the Bankruptcy Court is hereby

---

[1] By Memorandum and Order ("M&O") dated March 4, 2015, the Bankruptcy Court granted summary judgment in favor of defendants on various claims. (Mar. 22, 2015 M&O, Case No. 12-08193-reg, Docket Entry 242, at 34.) In light of this ruling and separate stipulations, Richard Haines, Dorothy Haines, and Catherine Brinnon Brown are the remaining defendants and thus the remaining appellees. (See Case No. 12-08193-reg, Docket Entries 239, 239-1, 251, 251-1.) The Clerk of the Court is respectfully directed to amend the caption accordingly.

WITHDRAWN, and this case is hereby TRANSFERRED to the United States District Court for the Southern District of Ohio.

<u>BACKGROUND</u>

The Court assumes familiarity with the underlying facts and proceedings, which are referenced only as necessary to explain the Court's decision.[2]

I.  <u>Procedural History</u>

The Brown Publishing Company ("BPC") was a family-owned newspaper business incorporated under Ohio law.  (Mar. 22, 2015 M&O at 5.)  The former chief executive officer was Roy Brown. (Am. Compl., Docket Entry 1 at 25-61, ¶ 1.)

On April 30 and May 1, 2010, the BPC and its debtor affiliates (collectively, the "Debtors") filed for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the Eastern District of New York.  (Am. Compl. ¶ 19.)  On May 27, 2011, the Debtors filed a Chapter 11 Plan, which was ultimately confirmed. (Am. Compl. ¶¶ 20-21.)

On April 30, 2012, Appellant filed an adversary proceeding against Roy Brown, members of his family, and entities that the Browns controlled.  (<u>See</u> <u>generally</u> Am. Compl.)  Virtually all of the defendants resided in Ohio at one point, and some

---

[2] The Adversary Proceeding is designated as Case No. 12-08193-reg.  The Bankruptcy Case is designated as Case No. 8-10-73295-reg.  Related cases can be found at Case Nos. 12-mc-00452(JS) and 12-mc-00535(JS).

continue to do so.  (Am. Compl. ¶¶ 4-15.)  In Appellant's view, the defendants enriched themselves with fraudulent transfers at the expense of BPC creditors.  (Am. Compl. ¶¶ 1, 83-207.) Specifically, BPC entered into stock redemption agreements, among others, with Appellees.[3]

The Amended Complaint asserts, in pertinent part, the following causes of action:

- Count 6: An intentional fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Catherine Brinnon Brown.  (Am. Compl. ¶¶ 118-20.)

- Count 7: A constructive fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Catherine Brinnon Brown.  (Am. Compl. ¶¶ 121-24.)

- Count 8: A constructive fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Catherine Brinnon Brown.  (Am. Compl. ¶¶ 125-28.)

- Count 9: An unjust enrichment claim under the Bankruptcy Code and Ohio common law against Catherine Brinnon Brown.  (Am. Compl. ¶¶ 129-32.)

- Count 10: A constructive fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Richard Haines. (Am. Compl. ¶¶ 133-37.)

- Count 11: A constructive fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Richard Haines. (Am. Compl. ¶¶ 138-41.)

- Count 12: An intentional fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Dorothy Haines. (Am. Compl. ¶¶ 142-45.)

---

[3] (See Case No. 12-08193-reg, Docket Entries 107-3, 107-4, 107-5, 107-6, 107-7, 107-8, 194-7, 194-8, 194-13, 194-14, 194-15, 194-16.)

- Count 13: A constructive fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Dorothy Haines. (Am. Compl. ¶¶ 146–49.)

- Count 14: A constructive fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Dorothy Haines. (Am. Compl. ¶¶ 150–53.)

- Count 15: An unjust enrichment claim under the Bankruptcy Code and Ohio common law against Dorothy Haines. (Am. Compl. ¶¶ 154–58.)

- Count 21: An intentional fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Catherine Brinnon Brown. (Am. Compl. ¶¶ 183–86.)

- Count 22: A constructive fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Catherine Brinnon Brown. (Am. Compl. ¶¶ 187–90.)

- Count 23: A constructive fraudulent transfer claim under the Bankruptcy Code and Ohio statute law against Catherine Brinnon Brown. (Am. Compl. ¶¶ 191–93.)

- Count 24: A preferential transfer claim under the Bankruptcy Code against Catherine Brinnon Brown. (Am. Compl. ¶¶ 194–200.)

- Count 26: Disallowance of any claims of Appellees against the Debtors. (Am. Compl. ¶¶ 204–207.)[4]

Although Appellees demanded a jury trial, they did not file a proof of claim. (See generally Case No. 8-10-73295-reg.) Nor did they assert any counterclaims in their respective answers.[5]

---

[4] Because Appellees did not file any proof of claims, it appears that this count is moot.

[5] Appellees' answers can be found at Docket Entry 1 at pages 62–89 (Dorothy Haines); pages 90–117 (Richard Haines); and pages 118–141 (Catherine Brinnon Brown).

In July and August 2012, various defendants filed a motion to withdraw the reference from the Bankruptcy Court to this Court.[6] By Memorandum and Order dated July 31, 2013, this Court denied the motions as premature but granted leave to renew when the case was ready for trial. (July 31, 2013 M&O, Case No. 12-mc-00452(JS), Docket Entry 21, at 3.)

Since then, discovery has been completed, and all substantive motions have been adjudicated. The case is now trial-ready. (See Mar. 22, 2015 M&O at 34.)

## II. Potential Witnesses at Trial

Essentially, the parties have identified fourteen potential witnesses.[7] They are as follows:

1. Richard Haines, minority shareholder of the BPC (Ohio).

2. Dorothy Haines, minority shareholder of the BPC (Ohio).

3. Roy Brown, former President and CEO of the BPC (Ohio).

---

[6] (Mot. to Withdraw by Clarence Brown, Jr. & Joyce Brown, Case No. 12-mc-00452-JS, Docket Entry 1; Mot. to Withdraw by Dorothy & Richard Haines, Case No. 12-mc-00535-JS, Docket Entry 1.)

[7] On June 3, 2015, Richard and Dorothy Haines submitted their Second Amended Initial Disclosures, which listed potential witnesses. (Second Am. Initial Disclosures, Ex. A, Docket Entry 20-1, at 3-4.) One month earlier, Richard Haines and Catherine Brinnon Brown submitted declarations that detailed the testimony of several witnesses with specificity. (Brown Decl., Docket Entry 13, ¶¶ 13-17; Haines Decl., Docket Entry 14, ¶¶ 5, 12.) The parties also submitted information regarding their respective expert witnesses. (Warshavsky Report, Case No. 12-08193-reg, Docket Entry 209-25, at 32; Risius Decl., Case No. 12-08193-reg, Docket Entry 197, ¶ 27.)

4. B. Joseph Ellingham, former Vice President and Chief Financial Officer of the BPC (Florida).

5. Paul Hogan, at one time a Managing Director at National City Bank[8] (Pennsylvania).

6. George Mestre, at one time the Vice President of National City Bank (Ohio).

7. An Individual with relevant knowledge at Wells Fargo Bank, N.A. (unknown).

8. Joel Dempsey, Esq., former in-house counsel to the BPC (Ohio).

9. Edward M. Fox., Esq., pre-petition counsel to the BPC (New York).

10. Michael Grimes, former Vice President of National City Bank (Pennsylvania).

11. Philip W. Murray (New Mexico).

12. Pete Koening, accountant for Catherine Brinnon Brown (Ohio).

13. Mark Warshavsky, expert witness for Appellant (New York).

14. Jeffrey Risius, expert witness for Appellees (Michigan).

For reasons to be explained below, Dorothy Haines is ninety-seven and currently in frail health. (Haines Decl. ¶ 8.)

<u>DISCUSSION</u>

I. <u>Appellant's Motion to Strike Declarations</u>

To support a motion to transfer venue, the moving party should submit an affidavit that lists potential principal

---

[8] National City Bank acted as an agent for lenders that provided the BPC with credit. Wells Fargo Bank, N.A., acted as a syndication agent. (Second Am. Initial Disclosures at 4.)

witnesses and their anticipated testimony.  HomeoPet LLC v. Speed

Lab. Inc., No. 14-CV-0663, 2014 WL 2600136, at *17 (E.D.N.Y.

June 11, 2014) (citing EasyWeb Innovations, LLC v. Facebook, Inc.,

888 F. Supp. 2d 342, 350 (E.D.N.Y. 2012)).  For the first time on

reply, Appellees submitted the declarations of Richard Haines and

Catherine  Brinnon  Brown  (collectively,  the  "Declarations")

ostensibly to satisfy this requirement.

Appellant moves to strike the Declarations as improper

because they were not filed with Appellees' initial moving papers.

However, this Court has wide discretion to consider arguments

raised for the first time on reply.  Dixon v. NBCUniversal Media,

LLC, 947 F. Supp. 2d 390, 396 (S.D.N.Y. 2013).  Indeed, the Court's

primary concern is whether the opposing party suffered any

prejudice. Id.; see also Revise Clothing, Inc. v. Joe's Jeans

Subsidiary, Inc., 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (denying

a motion to strike when the moving party suffered no prejudice

even though it was "plainly improper to submit on reply evidentiary

information that was available to the moving party at the time

that it filed its motion and that is necessary in order for that

party to meet its burden").

Although the Declarations contain new facts, Appellant

has filed two briefs in support of this motion discussing how these

issues are immaterial.[9] (Appellant's Decls. Br., Docket Entry 16, ¶¶ 7-12; Appellant's Decls. Reply Br., Docket Entry 21, ¶¶ 13-16.) Thus, Appellant suffered no prejudice because it had a chance to respond, and the Court will consider the Declarations.

Separately, the Court is mindful that Appellees' thirteen-page reply brief in connection with their withdrawal and venue motion exceeds the ten-page limit under the Local Rules. (Appellee's Reply Br. at 4.) Like the previous issue, however, this Court enjoys "broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). Appellees' violation, though improper, does not warrant a summary dismissal. Accordingly, Appellant's motion is DENIED.

## II. Appellees' Motion

The Court will address the withdrawal and venue aspects of Appellees' motion separately. As an initial matter, because Sodalis has been dismissed from the Adversary Proceeding, its joinder motion is DISMISSED AS MOOT.

### A. Withdrawing the Reference from the Bankruptcy Court

In light of the Supreme Court's decision in Stern v. Marshall, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011),

---

[9] Appellant reserved the right to respond, (Appellant's Opp. Br., Docket Entry 11, at 11 n.5), and Appellees did not oppose this request. (Appellees' Reply Br., Docket Entry 12, at 3 n.2).

Appellees seek to withdraw the reference to the Bankruptcy Court under 28 U.S.C. § 157(d). Appellant does not oppose this request. (Appellant's Opp. Br. at 2 n.1.)

Under Section 157(d), district courts have broad flexibility to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The term "cause" is not defined.

In determining whether cause was shown, the Court of Appeals for the Second Circuit previously considered (1) "whether the claim or proceeding is core or non-core," (2) "whether it is legal or equitable," and (3) whether withdrawal is supported by "considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095, 1101 (2d Cir. 1993). In the wake of Stern, however, "the relevant inquiry under the first prong of the Orion test is not whether a matter is core or non-core, but whether the bankruptcy court has the authority to finally adjudicate the matter."[10] Thaler v. Parker, 525 B.R. 582, 585 (E.D.N.Y. 2014); see also Lehman Bros. Holdings Inc. v. Intel Corp., 18 F. Supp. 3d 553, 557 (S.D.N.Y. 2014)

---

[10] The Court is aware of the intra-district split over the extent to which Stern's holding modifies the Orion framework. In re: FKF 3, LLC, No. 13-CV-3601, 2016 WL 4540842, at *5-6 (S.D.N.Y. Aug. 30, 2016) (collecting cases and noting three approaches).

("While the core/non-core determination is an important factor, courts have repeatedly emphasized that this factor is not dispositive of a motion to withdraw a reference."); Mishkin v. Ageloff, 220 B.R. 784, 800 (S.D.N.Y. 1998) ("[T]he critical question is efficiency and uniformity.").

"[A] bankruptcy court may enter final judgment only (1) if the claim involves a public right; (2) the process of adjudicating the creditor's proof of claim would resolve a counterclaim; or (3) the parties consent to final adjudication by the bankruptcy court." Thaler, 525 B.R. at 585 (citations omitted). First, the Adversary Proceeding is largely premised on fraudulent transfer claims, which fall outside of the public rights exception. See, e.g., In re Lyondell Chem. Co., 467 B.R. 712, 720 (S.D.N.Y. 2012) ("[A] fraudulent conveyance claim against a person who has not submitted a claim against a bankruptcy estate, brought solely to augment the bankruptcy estate, is a matter of private right."). Second, Appellees have not filed a proof of claim, and third, they have not consented to final adjudication by the Bankruptcy Court. Therefore, the Bankruptcy Court does not have authority to enter final judgment, at minimum, on the fraudulent transfer claims.

Based on the remaining Orion factors, the Court finds that cause exists to withdraw the case from the Bankruptcy Court. See In re Lyondell Chem. Co., 467 B.R. at 723. This case is trial-

ready, and withdrawal would not impose any further delays. Because the Bankruptcy Court cannot enter final judgment on the fraudulent conveyance claims, withdrawal does not promote forum shopping. Nor would withdrawal affect the efficient administration of the bankruptcy estate because the Chapter 11 Plan has already been confirmed. Thus, in the Court's discretion, the reference to the Bankruptcy Court is hereby withdrawn.

B. Transferring Venue to the Southern District of Ohio

Assuming that the Adversary Proceeding is a core proceeding, Appellees seek to change venue to the Southern District of Ohio under 28 U.S.C. §§ 1408 and 1412.[11] See Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman, 306 B.R. 746, 749 (S.D.N.Y. 2004) ("Where a party seeks to transfer venue for a core proceeding, the applicable statute is 28 U.S.C. § 1412.") (internal quotation marks and citation omitted). Under Section 1412, a district court may transfer a case under Title 11 to another district if the transfer is either (1) "in the interest of justice" or (2) "for the convenience of the parties." 28 U.S.C. § 1412; see also Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 638-39 (S.D.N.Y. 2004), ("[T]ransferability pursuant to [section] 1412 is an either-or test, not a two-fold one.") (second

---

[11] Appellant asserts that the Adversary Proceeding is a core proceeding. (Am. Compl. ¶ 18.) Also, Appellant has not challenged that venue is proper under Section 1408.

alteration in original; internal quotation marks and citations omitted). The analysis is a context-specific inquiry subject to the Court's discretion. See, e.g., In re Northwest Airlines Corp., 384 B.R. 51, 60 (S.D.N.Y. 2008). Appellees, as the moving party, bear the burden of proving that transfer is appropriate "by a preponderance of the evidence." In re Manville Forest Prods. Corp., 896 F.2d 1384, 1390 (2d Cir. 1990).

By and large, Appellees contend that transfer is proper because: (1) a greater number of party and non-party witnesses reside in Ohio, and (2) the underlying facts occurred in Ohio. (Appellees' Br. ¶¶ 36-37.) Appellant's argument to the contrary is rooted in the following facts: (1) New York is Appellant's choice of forum; (2) Appellant's counsel and expert witness reside in New York; (3) the case hinges on expert witnesses, not lay witnesses; and (4) BPC's corporate documents are located in New York. (Appellant's Opp. Br. ¶¶ 25-26, 31.)

The Court finds that the Adversary Proceeding should be transferred to the Southern District of Ohio based on two key considerations: (1) the convenience of the witnesses and the parties and (2) the location of operative events.[12] Because both

---

[12] Even if the Adversary Proceeding was a non-core proceeding and the Court applied Section 1404(a), the result would not change. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); see also Delaware

parties analyzed the factors articulated in (In re Enron Corp.), 317 B.R. 629 (S.D.N.Y. 2004), the Court largely follows the same format for uniformity. (Appellees' Br. ¶ 33; Appellant's Opp. Br. ¶¶ 24, 33; Appellees' Reply Br. ¶ 5.)

1.   Interests of Justice

Concerning the "interests of justice," this Court will consider the following six factors: (i) "plaintiff's original choice of forum," (ii) "interests of judicial economy," (iii) forum's "interest in having the controversy decided within its borders," (iv) "economic and efficient administration of the bankruptcy estate," (v) the ability "to receive a fair trial in each of the possible venues," and (vi) "the enforceability of any judgment." In re Enron Corp., 317 B.R. at 638-39.  As explained below, this analysis is essentially neutral.

a.   Plaintiff's Choice of Forum

Generally, a plaintiff's choice of forum carries great weight.  See Coker v. Bank of Am., 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (collecting cases).  But this factor does not receive the same deference "when the forum chosen has no material connection with the action."  Invivo Research, Inc. v. Magnetic Resonance Equip. Corp., 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000).  Here, the

_____

Trust Co. v. Wilmington Trust, N.A., 534 B.R. 500, 519 (S.D.N.Y. 2015) ("In determining whether to transfer under 28 U.S.C. § 1412, courts consider the same factors as under the general transfer provision, 28 U.S.C. § 1404(a).") (citation omitted).

operative facts took place in Ohio where BPC maintained its principal business; where stock redemption agreements were executed; and where virtually all of the defendants resided at one point. (Am. Compl. ¶¶ 4-15.) Thus, this factor does not weigh in favor of retaining jurisdiction.

### b. Interests of Judicial Economy

"'Although certainly not decisive, docket conditions or calendar congestion of both the transferee and transferor districts is a proper factor and is accorded some weight.'" <u>Neil Bros. Ltd. v. World Wide Lines, Inc.</u>, 425 F. Supp. 2d 325, 334 (E.D.N.Y. 2006) (quoting <u>Miller v. Bombardier Inc.</u>, No. 93-CV-0376, 1993 WL 378585, at *5 (S.D.N.Y. Sept. 23, 1993)). Based on recent analysis dated September 30, 2016, the Southern District of Ohio has 6,810 cases pending with eight judgeships (or approximately 851 cases per judge), and the Eastern District of New York has 12,870 cases pending with fifteen judgeships (or 858 cases per judge).[13] As such, these factors are virtually neutral.

### c. Forum Interest

Although the Amended Complaint asserts claims under Ohio law, this fact carries little weight. <u>See</u> <u>Vassallo v. Niedermeyer</u>, 495 F. Supp. 757, 760 ("The fact that the law of another jurisdiction governs the outcome of the case is a factor accorded

---

[13] <u>See</u> http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2016.pdf.

little weight on a motion to transfer . . . especially in an instance such as this where no complex questions of foreign law are involved.")  In fact, the Bankruptcy Court applied Ohio law in its Memorandum and Order dated March 4, 2015.  (Mar. 4, 2015 M&O at 2.)

### d.  Remaining Factors

The remaining factors were not addressed by the parties or are inapplicable.  In sum, transfer of venue is not appropriate under this set of <u>Enron</u> factors.

### 2.  Convenience of the Parties

However, transfer is appropriate "for the convenience of the parties."  28 U.S.C. § 1412.  Under this analysis, the Court will consider these five <u>Enron</u> factors: (i) "the convenience of the witnesses and the parties and their relative physical and financial condition," (ii) "the location of the plaintiff and the defendant," (iii) "the ease of access to the necessary proof," (iv) "the availability of the subpoena power for unwilling witnesses," and (v) "the expense of obtaining unwilling witnesses."  <u>In re Enron Corp.</u>, 317 B.R. at 639.  In addition, the Court will consider the location of operative events.  <u>See</u> <u>Pall Corp. v. PTI Techs., Inc.</u>, 992 F. Supp. 196, 200 (E.D.N.Y. 1998) ("Where the operative facts occurred is an obvious factor to consider."); <u>see also</u> <u>WD Encore Software, LLC v. The Software MacKiev Co.</u>, No. 15-CV-6566, 2016 WL 1056628, at *3 (W.D.N.Y.

Mar. 17, 2016) (recognizing that in a venue transfer motion, "other factors may be considered in the court's discretion") (citations omitted).

a.   Convenience of Witnesses and Parties

"The convenience of parties and witnesses is generally the most important factor in a court's determination of whether to grant a motion for transfer." Dwyer v. Gen. Motors Corp., 853 F. Supp. 690, 692 (S.D.N.Y. 1994) (citations omitted). But not all witnesses are weighed equally. "The convenience of non-party witnesses is accorded more weight than that of party witnesses." Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005) (citations omitted). The convenience of expert witnesses and witnesses who neither reside in the current district nor the proposed district are "accorded little if any weight." Fullwood v. SDH Servs. West, LLC, No. 16-CV-0001, 2016 WL 3951186, at *2-3 (S.D.N.Y. July 20, 2016). Finally, "the convenience of counsel is not an appropriate factor to consider on a motion to transfer." Invivo, 119 F. Supp. 2d at 438.

Here, two potential witnesses reside in New York: a non-party witness (Edward M. Fox) and an expert witness (Mark Warshavsky). On the other hand, six potential witnesses reside in Ohio: two party witnesses (Dorothy and Richard Haines) and four non-party witnesses (Roy Brown, George Mestre, Joel Dempsey, and

Pete Koening).  The remaining six witnesses reside elsewhere, and the Court need not consider the convenience of party attorneys.

While balancing the competing impacts and costs, the Court makes a few observations.  First, although Dorothy Haines' age and physical condition support Ohio, Appellant asserts that she is unlikely to testify because neither party deposed her and Richard Haines could provide the relevant information. (Appellant's Decls. Br. ¶ 7 n.2.)  Second, the Southern District of Ohio is located in Cincinnati.  George Mestre, who is located in Cleveland, would need to travel approximately 250 miles to the courthouse.  (See Second Am. Initial Disclosures at 2.)  It is unclear whether Peter Koening resides in Cincinnati.  (Brown Decl. ¶¶ 14, 17.)  However, the other Ohio witnesses do reside in Cincinnati.

In its discretionary judgment, the Court finds that the convenience of the witnesses favors Ohio.  In rebuttal, Appellant contends that the case "hinge[s] on expert analysis," obviating the need for lay witnesses.  (Appellant's Decls. Br. ¶ 2.)  But the expert witnesses would need to rely on the foundation established by lay witnesses.  Thus, this argument is unavailing, and the Court maintains that this factor supports a transfer.

b.  Location of Operative Events

As courts in this Circuit have made clear, "'[t]he location of the operative events is a primary factor." Goggins v.

Alliance Capital Mgmt., L.P., 279 F. Supp. 2d 228, 233 (S.D.N.Y. 2003) (quoting Billing v. Commerce One, Inc., 186 F. Supp. 2d 375, 376 (S.D.N.Y. 2002)).  Despite Appellant's choice of forum, the facts at issue did not occur in New York, and that alone provides a good reason to transfer.  See Viacom Int'l, Inc. v. Melvin Simon Prods., Inc., 774 F. Supp. 858, 868 (S.D.N.Y. 1991) ("Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district."); cf. Jacobsen v. Dhundale, No. 15-CV-6677, 2016 WL 94256, at *1 (S.D.N.Y. Jan. 1, 2017) ("Defendants have amply demonstrated that major factors in this action, including convenience of the witnesses and parties and locus of operating facts, weigh in favor of transfer of venue to [another district]. These factors outweigh plaintiff's own choice of forum.").

### c.   Location of Plaintiff and Defendants

Appellant is located in New York, and Appellees are located in Ohio.  Accordingly, this factor is neutral.

### d.   Ease of Access to Proof

Appellant asserts that "all of BPC's records are located in New York."  (Appellant's Opp. Br. ¶ 36.)  "However, the Court does not view this factor as particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production."  EasyWeb, 888 F. Supp. 2d at 352.  Furthermore, Appellant has not identified any

documents that are "very voluminous or difficult to convert into electronic form for electronic distribution." <u>Eres N.V. v. Citgo Asphalt Ref. Co.</u>, 605 F. Supp. 2d 473, 481 (S.D.N.Y. 2009).

e. <u>Remaining Factors</u>

In their declarations, Richard Haines and Catherine Brinnon Brown did not address the expense of obtaining unwilling witnesses or the availability of subpoena power. Thus, these factors are neutral.

In the Court's sound discretion, two factors heavily weigh in favor of transferring venue: (1) the convenience of the witnesses and the parties and (2) the location of operative events. On that basis, the Adversary Proceeding should be transferred to the Southern District of Ohio, and Appellees' motion is GRANTED.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

## CONCLUSION

Appellant's motion to strike is DENIED. (Docket Entry 16.) Sodalis, LLC's joinder motion is DISMISSED AS MOOT. (Docket Entry 4.) Appellees' motion to withdraw the reference and transfer venue is GRANTED. (Docket Entry 1.) The reference to the Bankruptcy Court is hereby WITHDRAWN, and this case is hereby TRANSFERRED to the United States District Court for the Southern District of Ohio.

The Clerk of the Court is directed to amend the caption by removing all appellees except for Richard Haines, Dorothy Haines, and Catherine Brinnon Brown. The Clerk of the Court is also directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     February   1  , 2017
           Central Islip, New York